UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

COLLIN D. CASCIANO,                                           Case No. HT 12-09912
                                                             Chapter 7 Proceeding
                    Debtor.                                   Hon. Daniel S. Opperman
_____/

NATHAN J. JUETT,

            Plaintiff,

v.                                                           Adversary Pro. No. 13-80005

COLLIN D. CASCIANO,

            Defendant.

_____/

<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING</u>

PRESENT:    HONORABLE DANIEL S. OPPERMAN
            United States Bankruptcy Judge

<u>INTRODUCTION</u>

The Plaintiff, Nathan Juett, filed a Motion for Rehearing ("Motion") of this Court's September 5, 2014, Opinion and Order After Trial. In his Motion, the Plaintiff argues the Court made certain errors of fact and law that warrant reversal of the September 5, 2014, Opinion. The Court allowed the Defendant, Collin Casciano, the right to respond to the Plaintiff's Motion and the Court heard oral arguments. For the reasons stated in this Opinion, the Court denies the Motion.

The Court approaches the Motion as one for reconsideration of the September 5, 2014, Opinion and Order. A motion for reconsideration should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not

be granted.  To establish a "palpable defect," the moving party generally must point to a:  "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Rule 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard).

The Plaintiff argues the Court made certain misstatements of fact and then erred regarding a "justifiable self defense" doctrine, as well as misapplied the legal standards of 11 U.S.C. § 523.

As to the findings of fact, the Plaintiff points out that the Court mentioned that the Plaintiff played high school hockey.  Upon closer review, the Court does note that the record did not support a finding that the Plaintiff played high school hockey, but instead, at the most was a wrestler and was described by some of the witnesses as a hockey player.  While the Court thanks the Plaintiff for allowing for the correction of the record, this fact alone does not warrant reversal.

Likewise, the Plaintiff argues the Court's description of Mr. Bustance's experience with the type of injury the Plaintiff sustained was incorrect.  While perhaps not clear, the Court did give Mr. Bustance's testimony great weight, including that he did witness such an injury, but only when a participant was not expecting such a punch.  The Court did and does recognize the magnitude of the Plaintiff's injury, but did not conclude the injury alone was sufficient to reach a finding for the Plaintiff.  This is particularly true when the type of injury suffered by the Plaintiff can occur by accident, such as walking into a wall or hitting a helmet of a driver on a personal water craft, as testified by Dr. Smith, the Plaintiff's treating physician.  Taking Mr. Bustance's testimony at full

value, as corrected and modified in the Plaintiff's Motion, the Court does not find sufficient grounds to reverse its previous Opinion.

Next, the Plaintiff argues the Court ignored Mr. Skiera's testimony that the Plaintiff did not see the Defendant's punch coming. Taking all of that as true, the Court found Mr. Skiera's testimony about the Plaintiff's stance when he was hit the most telling:

> Q.      And just, I think you testified to this. But when Mr. Juett got hit by the punch, he was standing up?
> A.      Yes.

(Trial Transcript, Vol. 1, Page 151, Lines 13-15)

The Court found this testimony important and telling because it places the Plaintiff in a position that caused the Defendant to fear for his well being. With the fact that the Plaintiff was standing (and not crouched over Mr. Petterson who had just been taken to the ground by the Plaintiff), the Plaintiff was in a position to attack the Defendant next. As explained later in this Opinion, the Defendant did act according to Michigan law in this circumstance.

The Court has considered the remaining issues of fact described by the Plaintiff, but finds those issues as either correctly stated, or, even if the Plaintiff's versions are accepted, would not warrant reversal.

The Court next addresses the Plaintiff's arguments regarding improper analysis of the applicable law. The Court has closely reviewed the pleadings and has re-read portions of the trial transcript and briefs. As to the Plaintiff's arguments that the Defendant had no basis to defend himself, the Court rejects that argument as stated previously and because the Defendant was not the initial aggressor. For the sake of brevity and as referenced in the Court's Opinion, the Plaintiff was the one who initially pushed the Defendant out of the way of Ms. Lindgren and Ms. McNabb while in the bar. Later, after the participants left the bar and walked down an alley, each group separated

with the Defendant's group turning left and the Plaintiff's group turning right. As the Defendant's group walked away, Ms. Lindgren engaged the Defendant's group by turning around and walking toward the Defendant's group. During this time, the Defendant was not engaged in any talking and was an observer and bystander. The record does not support a finding that the Defendant was an initial aggressor.

Next, the Defendant, after seeing the Plaintiff force Mr. Petterson to the ground and then seeing the Plaintiff stand up as testified by Mr. Skiera, had sufficient reason to see himself in risk of harm. While it is always probable the Defendant could have ran away, it is more likely that the Plaintiff would chase him because the Plaintiff reversed his course of direction to follow the Defendant's group.

As to the Plaintiff's arguments of an error of application of 11 U.S.C. § 523(a)(6), this Court's review of the record is that the Plaintiff failed to show the necessary facts to prove a willful and malicious injury. While the Defendant did intend to throw a punch, there is insufficient evidence to that he intended to cause the type of injury sustained by the Plaintiff and there is no evidence that the Defendant knew or was substantially certain that his punch would cause the Plaintiff's injury. The infrequency of this injury as testified by Mr. Bustance, and the myriad of accidental causes of this injury as stated by Dr. Smith, all support a finding in favor of the Defendant.

For these reasons, the Court denies the Plaintiff's Motion.

CONCLUSION AND ORDER

For the reasons stated in this Opinion, the Court denies the Plaintiff's Motion for Rehearing.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Plaintiff's Motion for Rehearing is denied.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order

Denying Plaintiff's Motion for Rehearing pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon

Carroll Clough, Michael I.  Conlon, and Paul I. Bare.

**Signed: March 13, 2015**



Hon. Daniel S. Opperman
United States Bankruptcy Judge