UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

COLLIN D. CASCIANO,                                    Case No. 12-09912
                                                       Chapter 7 Proceeding
              Debtor.                                  Hon. Daniel S. Opperman
_____/

NATHAN J. JUETT,

       Plaintiff,

v.                                                     Adversary Pro. No. 13-80005

COLLIN D. CASCIANO,

       Defendant.
_____/

OPINION AND ORDER REGARDING
PLAINTIFF'S MOTION TO REMAND TO STATE COURT

PRESENT:     HONORABLE DANIEL S. OPPERMAN
             United States Bankruptcy Judge

INTRODUCTION

       The Court held a trial in this matter on March 12 and 13, 2014, and heard the testimony of the Plaintiff Nathan Juett, the Defendant Collin Casciano, Jodi Lindgren, Meredith McNabb, Edwin Skiera, Jonathan Crispin, and Garrett Petterson who were all involved in the events on January 28 and 29, 2011.   William Bustance also testified and the Court received the deposition of Dr. Matthew Smith.   These individuals also offered relevant and helpful testimony.   In addition, the Court received into evidence and reviewed Exhibits 1-5 and A-C.   On September 5, 2014, this Court issued its Opinion and Order after the Section 523(a)(6) Trial in this adversary proceeding finding the Plaintiff had not met his burden of proof and holding the underlying debt dischargeable.

       The Plaintiff appealed that decision to the Bankruptcy Appellate Panel, which issued its Opinion on January 11, 2016, reversing this Court's decision that the Defendant's actions were not "willful" under Section 523(a)(6), and remanding this matter to determine the malicious element under applicable Michigan and federal law, specifically, the Michigan Self-Defense Act, M.C.L.A. § 780.971 *et seq*.   Specifically, that Act states that self-defense may be found "if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual."   M.C.L.A. §

780.972(2).   Once a defendant raises the issue of self-defense "and satisfies the initial burden of producing some evidence from which [the court] would conclude that the elements necessary to establish a prima facie defense of self-defense exist, the [plaintiff] bears the burden of proof 'to exclude the possibility that the [action taken] was done in self defense. . . .'"   *People v. Dupree*, 486 Mich. 693, 709-10, 788 N.W.2d 399 (2010) (quoting *People v. Jackson*, 390 Mich. 621, 626, 212 N.W.2d 918 (1973)).

The Plaintiff filed a Motion to Remand this matter to the state court to make this self-defense determination, arguing that the state court is best suited to analyze the facts of this case under applicable state law.   Specifically, the Plaintiff requests that this Court remand this matter on a limited basis to the state court, the Grand Traverse Circuit Court, with the following instruction:   "[T]his Bankruptcy Court requests answers to these special question[s] be elicited from the fact-finder:   1) Whom was Casciano defending when he struck Plaintiff?   2) Did Casciano honestly and reasonably believe that the use of that force, with which he struck Plaintiff, was necessary to protect the person he identified as needing protection, from imminent unlawful harm?"   The Plaintiff's Motion is brought under 28 U.S.C. § 1452(b).[1]

The Defendant objects, asserting that this Court has jurisdiction to make this determination on this very limited issue of state and federal law, and that the Plaintiff should be estopped from his previous consent to this Court's jurisdiction in all of his pleadings leading up to trial before this Court, as well as his consent throughout the trial.

After reviewing the briefs filed with the Court and considering oral arguments, the Court issues this Opinion.

<u>JURISDICTION</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

<u>MANDATORY ABSTENTION</u>

28 U.S.C. § 1334(c)(2) provides for mandatory abstention, stating:

> (c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an

---

[1]   The Plaintiff styles his Motion as a request to remand to state court, but the act requested by the Plaintiff is to abstain under 28 U.S.C. § 1334(c)(1).   The Court will analyze the Plaintiff's request under both standards.

action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Mandatory abstention applies only to non-core proceedings, and applies only when all the other requirements of 28 U.S.C. § 1334(c)(2) are satisfied.   *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996).   Core proceedings may be heard by a bankruptcy court or may be remanded to state court pursuant to 28 U.S.C. § 1452.

## PERMISSIVE ABSTENTION

Permissive abstention is provided for in 28 U.S.C. § 1334(c)(1), which states:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect from State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under this provision, bankruptcy courts have discretion to abstain from hearing state law causes of action, and remand those causes of action.

The factors to be considered in determining whether permissive abstention is appropriate consist of the following non-exclusive factors:   (1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this Court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; and (13) any unusual or other significant factors.   *Brothers v. Tremaine (In re Tremaine)*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995); *Underwood v. United Student Aid Funds, Inc. (In re Underwood)*, 299 B.R. 471 (Bankr S.D. Ohio 2003).

## EQUITABLE REMAND - 28 U.S.C. § 1452(b)

Under 28 U.S.C. § 1452(b), the Court "may remand . . . on any equitable ground."   The equitable factors that courts have considered include:

1.      duplicative and uneconomical effort of judicial resources in two forums;

2.      prejudice to the involuntarily removed parties;

3.      forum non conveniens;

4.    a holding that a state court is better able to respond to a suit involving questions of state law;

5.    comity considerations;

6.    lessened possibility of an inconsistent result; and

7.    the expertise of the court in which the matter was pending originally.

*Cordes v. Continental Holdings, Inc. (In re Continental Holdings, Inc.)*, 158 B.R. 442, 444 (Bankr. N.D. Ohio 1993) (citations omitted).   The Plaintiff cites authorities from California, *In re Enron Corp.*, 296 B.R. 505 (Bank. C.D. Cal. 2003) and *In re Cytodyn of N.M. Inc.*, 374 B.R. 733, 738 (Bank. C.D. Cal. 2007).

<u>ANALYSIS</u>

The Court first places this case in the context of an action by the Plaintiff against the Defendant to determine if any obligation owed by the Defendant to the Plaintiff is excepted from discharge.   While the statute cited by the Bankruptcy Appellate Panel is a Michigan statute, it still is placed in a federal bankruptcy law setting.   As stated by the Bankruptcy Appellate Panel in this case:

> Dischargeability actions, as well as the defenses thereto, are governed by federal law.   *Graffice v. Grim (In re Grim)*, 293 B.R. 156 - 166 (Bankr. N.D. Ohio 2003).   However, the law on self-defense is an area where bankruptcy courts have looked to both federal common law and state law for guidance.   *See, e.g. Vyshedsky v. Soliman (In re Soliman)*, 539 B.R. 692, 701-03 (Bankr. S.D.N.Y. 2015); *Hernandez v. Greene (In re Greene)*, 397 B.R. 688, 694-95 (Bankr. S.D.N.Y. 2008) (analyzing self-defense under both federal common law and state law where debtors entered guilty pleas in underlying criminal actions) and *In re Taylor*, 322 B.R. at 310; *Estate of Sustache v. Mathews (In re Mathews)*, 433 B.R. 732, 735 (Bankr. E.D. Wis. 2010) (analyzing self-defense under state law noting authority on federal common law self-defense is sparse and requires guidance from state law on the issue).
>
> In most cases, self-defense is brought as a defense to murder, not simple battery.   As a result, Michigan's common law on self-defense using non-deadly force is somewhat sparse.   However, Michigan's legislature codified the common law rules of self-defense in 2006 in the Self-Defense Act.   *People v. Dupree*, 788 N.W. 2d 399, 407 (Mich. 2010); Mich. Comp. Laws Ann. § 780.971 *et seq.* (West 2006).   To the extent that the codification altered the common law rule, it did not diminish an individual's common law right to use force in self-defense.   Mich. Comp. Laws Ann. § 780.974 (West 2006).   The Self-Defense Act states in pertinent part that:

> [a]n individual who has not or is not engaged in the commission of a crime at the time he or she uses force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual.

Mich. Comp. Laws Ann. § 780.972(2) (West 2006).

Federal courts have cited to the Restatement (Second) of Torts to assist and construe federal self-defense claims under Title VII and the Federal Tort Claims Act. *See Vanhorn v. Specialized Support Servs., Inc.,* 241 F.Supp.2d 994, 1013 (S.D. Iowa 2003), *Garcia v. United States*, No. CIV. 08-0295 JB/WDS, 2010 WL 2977611, at *21 (D.N.M. June 15, 2010). The Second Restatement deals with the use of non-lethal force in § 63 stating that an actor is privileged to use such force to prevent "unprivileged harmful or offensive contact or other bodily harm which he reasonably believes that another is about to inflict intentionally upon him," even if the necessity to use force could be avoided be retreating. Restatement (Second) of Torts § 63 (1965).

The Michigan statute closely mirrors the standards set forth in the Restatement (Second) of Torts. Though the two standards are slightly different, for the matter before the Court, they are not in conflict. Both allow the use of non-lethal force if honestly and reasonably believed to be necessary to repel an imminent attack, even if retreat is possible.

The bankruptcy court made numerous factual findings regarding the parties' conduct on the evening in question that relate to the Debtor's claim of self-defense. However, the bankruptcy court did not analyze these actions under applicable law on self-defense or determine if the Debtor met his burden of proof on that issue. For this reason, the Panel must remand the matter to the bankruptcy court for further proceedings regarding the element of "malicious injury" under §523(a)(6) and Debtor's claim of self-defense.

The Bankruptcy Appellate Panel directed this Court to consider all applicable laws - federal and state - to determine if the Defendant met his burden of proof, and if so, whether the Plaintiff effectively rebutted such. The Bankruptcy Appellate Panel did not direct this Court to consult with state court initially or remand the issue to state court.

This Court has heard testimony of many witnesses at trial and in depositions. The further taking of proofs is not necessary, nor was such directed by the Bankruptcy Appellate Panel. Rather, citation to the record by both parties is sufficient to allow this Court to make a determination of the limited issue remanded to this Court by the Bankruptcy Appellate Panel.

Turning to the application of the various elements of abstention and equitable remedy, there is no dispute that this is a core proceeding.  Thus, mandatory abstention does not apply.  As to permissive abstention, the first factor, this adversary proceeding will have no effect on the administration of the Defendant's Chapter 7 bankruptcy estate.  The second factor may weigh in favor of the Plaintiff because state law does predominate over bankruptcy issues as to the limited issue of analysis of the facts of this case under the Michigan Self-Defense Act.  However, the proofs in this case have already been taken as to the facts, leaving this Court with the relatively straightforward task of applying those facts to a Michigan statute, which is not difficult, nor unsettled.  Thus, the third factor weighs in favor of the Defendant.

Also weighing in favor of the Defendant are factors four, five, six and seven, because there is no active state court proceeding, and this Court has an active jurisdictional basis to preside over this core proceeding and decide whether the facts of the case are dischargeable under 11 U.S.C. § 523.

As to the eighth element, the severing of the state law self-defense determination could allow for a judgment on that limited issue to be entered in the state court.  However, such would not be feasible from a practicality standpoint, because this Court would ultimately make the nondischargeability determination.  Thus, this factor weighs in favor of the Defendant.

The Court gives little, if any, weight to factor nine, the burden of this determination on this Court's docket as this Court routinely is asked to address a number of issues for which this Court was created.  This Court would not abstain simply for the purpose of reducing its docket, nor would this Court refuse to abstain in order to fill its docket.

Turning to the last few factors, while there is an allegation of forum shopping asserted by the Defendant, the Court is not satisfied such is the case.  Thus, the tenth factor is at best neutral.

The Court also notes that the Plaintiff has not taken the position that it has a right to a jury trial, and has consented to this Court's jurisdiction to hear and determine this action.  There are no nondebtor parties in this action.  Both of these findings support a finding in favor of the Defendant as to factors eleven and twelve.

The last factor allows this Court to consider any and all other elements that are noteworthy. The Court has considered this factor and, finds that the Plaintiff has not demonstrated any great overriding factor weighing in favor of permissive abstention, which is again a neutral factor.

After analyzing all of the factors, the Court concludes that permissive abstention under 28 U.S.C. § 1334(c)(1) is not appropriate.

Finally, analyzing this Motion under the elements of equitable remand, Element 1 regarding duplicative and uneconomical effort of judicial resources in two forums exists in part regardless of whether the Court denies or grants the Plaintiff's Motion.  The Plaintiff has initiated this action, but must still proceed as to Mr. Petterson, a Defendant in the state court.  What this

Court finds persuasive, however, is that the dischargeability issue in this case can be decided quickly by directing the parties to refer to the record in this case, thus allowing this Court to consider those arguments while considering the live testimony, and then reaching a decision.   If this Court is in error, the Bankruptcy Appellate Panel has demonstrated the ability and speed to which it can act in reviewing such decisions.   In contrast, the state court would need to try the case anew, and even if part of a larger trial, would take longer because that matter would not be on the trial or contested docket for months.

Element 2 appears to not be a factor, as is Element 3.

As to Element 4, while the state court may have the ability to respond to a suit involving questions of state law, there are also questions of federal law as identified by the Bankruptcy Appellate Panel.   Also, this Court continually applies state law in a variety of areas - real property, security interests, and perfection of security interests even applying state law as to builder and construction claims and actions - all without the need for remand or abstention.

As to Element 5, comity considerations, it strikes the Court as burdensome to ask the state court to take this issue on in this context, especially the federal law aspects.   Also, the review of either this Court, the Bankruptcy Appellate Panel, or the Sixth Circuit Court of Appeals would be unusual, if not inappropriate in this setting.

As to Element 6 - the probability of an inconsistent result is lessened if this Court takes the direction given to it by the Bankruptcy Appellate Panel.   A state court may be confused or uncertain of its role if this case is remanded.

As to Element 7, the expertise of the state court is not questioned by this Court, and this Court has the utmost respect for state court colleagues.   That said, the state court does not have unique expertise such as a tax or patent law court, and there are issues of federal law that the state court is unaccustomed to addressing.

The Court has considered the Plaintiff's arguments as to the need to try the case in state court as to the Plaintiff's claim against Mr. Petterson.   That trial will occur someday, but would be longer and address the issues of damages as well.   While unfortunate, when the Defendant/Debtor filed bankruptcy, the division of labor of courts occurred and cannot be avoided here.

<u>CONCLUSION AND ORDER</u>

NOW, THEREFORE, IT IS HEREBY ORDERED that the Plaintiff's Motion to Remand to State Court is DENIED;

IT IS FURTHER ORDERED that the Plaintiff and the Defendant must file briefs within twenty-eight (28) days of entry of this Order on the limited issue of self-defense under the

Michigan Self-Defense Act, which shall include citation to the record in this case, and may file responsive briefs within fourteen (14) days thereafter;

IT IS FURTHER ORDERED that the Clerk must serve a copy of this Opinion and Order Denying Plaintiff's Motion for Rehearing pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Carroll Clough, Michael I. Conlon, and Paul I. Bare.

END OF ORDER

**Signed: July 21, 2016**



Hon. Daniel S. Opperman
United States Bankruptcy Judge